IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
November 22, 2024 Session

## LOGAN R. MCDAVID v. ANDREA MURRAY

**Appeal from the Chancery Court for Hawkins County**
**No. 2019-CH-73     Douglas T. Jenkins, Chancellor**

_____

**No. E2024-00858-COA-R3-CV**

_____

Because the order from which the appellant has filed an appeal does not constitute a final appealable judgment, this Court lacks subject matter jurisdiction to consider this appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

THOMAS R. FRIERSON, II, J. delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and JOHN W. MCCLARTY, J., joined.

Logan R. McDavid, Dayton, Tennessee, Pro Se.

Gregory W. Francisco, Kingsport, Tennessee, for the appellee, Andrea McKenna Murray McDavid.

### MEMORANDUM OPINION[1]

In June 2024, the *pro se* appellant, Logan R. McDavid ("Appellant"), filed a notice of appeal with this Court appealing a May 20, 2024 order of the Hawkins County Chancery Court ("the trial court"). Although no order dated May 20, 2024 exists in the appellate record, there does exist an order dated June 10, 2024, which memorializes a hearing conducted on May 20, 2024, and which appears to be the order from which Appellant seeks relief.

---

[1] Rule 10 of the Rules of the Court of Appeals provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Based upon this Court's review of the record to determine if we have subject matter jurisdiction over the appeal pursuant to Tennessee Rule Appellate Procedure 13(b), we determined that the order appealed is not a final judgment subject to an appeal as of right under Tennessee Rule Appellate Procedure 3. Specifically, the June 10, 2024 order provided:

> The Court hereby reserves the issue of the 2018 tax debt, as well as the issue of Father claiming one of the children on his taxes during the time of his incarceration versus credit towards his arrearages. Other than these two reserved issues, all other issues are overruled and denied.

Because it appeared that there was no final judgment in the underlying trial court proceedings, this Court entered a show cause order on October 21, 2024, affording Appellant thirty days to obtain a final judgment or else show cause why this appeal should not be dismissed for lack of subject matter jurisdiction. Appellant responded to this Court's show cause order, acknowledging that the trial court's order was not final and requesting that he be permitted to withdraw his appeal in this matter to allow him to appeal when a final judgment has been entered in the trial court.[2]

A party is entitled to an appeal as of right only after the trial court has entered a final judgment that resolves all the claims between all the parties, leaving nothing else for the trial court to do. Tenn. R. App. P. 3(a); *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003); *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997). Without a final judgment, this Court does not have subject matter jurisdiction to adjudicate an appeal as of right. *See Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990) ("Unless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only.").

The court order from which Appellant seeks to appeal does not constitute a final appealable judgment. Therefore, this Court lacks jurisdiction to consider this appeal. The appeal is hereby dismissed without prejudice. Costs on appeal are taxed to the appellant, Logan R. McDavid, for which execution may issue.

**PER CURIAM**

---

[2] Although Appellant requests to voluntarily withdraw his appeal, he has not complied with Tenn. R. App. P. 15(a) by filing either (1) a joint stipulation of dismissal of the appeal signed by all parties or (2) a motion and notice seeking to dismiss the appeal. Furthermore, Appellant's motion filed with this Court seeking dismissal did not provide notice to the appellee as there was no certificate of service.